UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:05CV-P152-R

NAKIA DILLARD                                                                                   PETITIONER

v.

WARDEN GLENN HAEBERLIN                                                          RESPONDENT

MEMORANDUM OPINION

The petitioner, Nakia Dillard, filed this *pro se* petition seeking habeas corpus relief by way of 28 U.S.C. § 2254. The matter is currently before the Court on the petitioner's motion for equitable tolling (DN 15). Because the Court concludes that the petitioner has failed to demonstrate a time-tolling event, his petition will be dismissed as untimely.

### I. Procedural History

On September 6, 1995, the Christian Circuit Court convicted the petitioner of kidnapping, robbery, and attempted murder of one victim and the kidnapping of another. On June 17, 1999, the Supreme Court of Kentucky affirmed his conviction, *Dillard v. Commonwealth*, 995 S.W.2d 366 (Ky. 1999), and on November 15, 1999, the United States Supreme Court denied his petition for certiorari review. *Dillard v. Kentucky*, 120 S.Ct. 508 (Nov. 15, 1999). In May of 2002, the petitioner filed a motion to vacate pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure. The circuit court denied his motion. On February 4, 2005, the Kentucky Court of Appeals affirmed that decision, and on May 11, 2005, the Supreme Court of Kentucky denied his request for discretionary review. It is unclear whether he sought certiorari review from the United States Supreme Court. In any event, he filed his habeas petition in this Court on July 19, 2005 (DN 1).

On initial review, the Court concluded that the petition appeared to be barred by the applicable statute of limitations and provided the petitioner with an opportunity to show cause why his petition should not be dismissed as untimely (DN 10). The petitioner then filed the current motion for equitable tolling (DN 15). In support of his motion, the petitioner claims that "all of his Post-Conviction motions [in state court] have been properly filed well within the applicable laws of state proceedings and entitle him to equitable tolling."

## II. Analysis

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, the petitioner's conviction became final for purposes of the AEDPA's statute of limitations period on November 15, 1999, when the United States Supreme Court denied his request for certiorari review.  Thus, he had until November 15, 2000, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack *pending* in state court.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (quoting § 2244(d)(2)) (holdng that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'").

A review of this action reveals that the petitioner filed a post-conviction application (the Rule 11.42 motion) in May of 2002, well after the applicable limitations period had expired to file a habeas petition in this Court.  Filing a proper state post-conviction motion *after* the statute of limitations to file a habeas petition in federal court has run does not restart the clock for the limitations period or revive an otherwise untimely petition.  *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003).  As the Sixth Circuit opined, "[t]he tolling provision does not . . .'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted); *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001) ("[A]lthough the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied

the motion.").

Finally, to the extent that the petitioner argues that his federal habeas petition is timely because he had three years within which to file his Rule 11.42 post-conviction motion, the Sixth Circuit Court of Appeals has specifically rejected this argument. A post-conviction action is neither "actually pending" nor "properly filed" until it is actually filed. *Thompson v. Chandler,* No. 02-5787, 2003 WL 343249, at *1 (6th Cir. Feb. 12, 2003). Thompson, a Kentucky prisoner, argued that AEDPA's one-year statute of limitations was inconsistent with Kentucky's three-year time frame for seeking relief under Rule 11.42. The appellate court disagreed and held:

> [H]is argument is unavailing because the AEDPA's limitations period is tolled only while a properly filed state post-conviction action is actually pending. *Searcy*, 246 F.3d at 519; *Bronaugh v. Ohio*, 235 F.3d 280, 286 (6th Cir.2000). A post-conviction action is neither "actually pending" nor "properly filed" until it is actually filed. Thus, Thompson's § 2254 petition was untimely, as "any lapse of time before a state application is properly filed will be counted against the one-year limitations period." *Villegas v. Johnson*, 184 F.3d 467, 472-73 (5th Cir.1999).

*Id.*

It is clear from a review of this action that the petition is time barred. Despite being given ample opportunities by the Court to do so, the petitioner has failed to come forward with any cognizable basis for tolling the statute of limitations. As such, the Court concludes it must dismiss the petitioner's 28 U.S.C. § 2254 petition as time barred.

### III. Certificate of Appealability

In the event that the petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of

habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an order consistent with this memorandum opinion.

Date:

cc: Petitioner, *pro se*
    Respondent
    Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601

4413.008